IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHANNEL WOMBLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CAMDEN COUNTY BOARD OF COMMISSIONERS, *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br><br> Civil Action <br> No. 1:23-CV-03373-KMW-SAK <br><br><br> **MEMORANDUM OPINION** |

Scott M. Lempert
Center for Employment Justice
650 Massachusetts Ave., Suite 600
Washington, DC 20001

Benjamin Folkman
Folkman Law Offices, P.C.
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003

*Counsel for Plaintiffs Shannel Womble, Marcus Cuevas, and Darnel Graham*

Arthur J. Murray
Alterman & Associates, LLC
8 South Maple Avenue
Marlton, NJ 08053

*Counsel for Defendant Local 277*

**WILLIAMS, District Judge:**

## I.   INTRODUCTION

This matter comes before the Court by way of Defendant Local 277's Motion to Dismiss Count XXVII of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 37.) For the reasons set forth below, Local 277's Motion is granted.

## II. BACKGROUND

On June 20, 2023, plaintiffs Shannel Womble and Marcus Cuevas filed their initial Complaint, in which they named as defendants Camden County Board of Commissioners; Camden County Office of The Sheriff; New Jersey State Policemen's Benevolent Association, Inc.; Local 277; and Sgt. Michael Olson, in his individual capacity. (ECF No. 1.) On October 13, 2023, Womble and Cuevas, as well as an additional plaintiff, Darnel Graham (together, "Plaintiffs"), filed an Amended Complaint against the same defendants. (ECF No. 32.) The Amended Complaint includes thirty-four counts. (*Id.*)

Plaintiffs are employees of the Camden County Office of the Sheriff. (*Id.* at 2.) Plaintiffs explain that they have brought suit "to challenge the discriminatory and retaliatory actions of their employer and their union." (*Id.*) Local 277 is a branch of the New Jersey Policemen's Benevolent Association—a labor union consisting of state law enforcement officers. (*Id.*)

The Counts against Local 277 include: Breach of the Duty of Fair Representation pursuant to N.J.S.A. § 34:13A-1, *et seq.* by Plaintiff Womble (Count XII); Retaliation in violation of Title VII of the Civil Rights Act by Plaintiff Womble (Count XIII); Race Discrimination – Retaliation in violation of 42 U.S.C. § 1981 and N.J.S.A. § 10:6-29(c) by Plaintiff Womble (Counts XIV and XV); Breach of the Duty of Fair Representation pursuant to N.J.S.A. § 34:13A-1, *et seq.* by Plaintiff Cuevas (Count XXIII); Retaliation in violation of Title VII of the Civil Rights Act by Plaintiff Cuevas (Count XXIV); Race Discrimination – Retaliation in violation of 42 U.S.C. § 1981 and N.J.S.A. § 10:6-29(c) by Plaintiff Cuevas (Counts XXV and XXVI); Violation of the New Jersey Conscientious Employee Protection Act ("CEPA") pursuant to N.J.S.A. § 34:19-1 (Count XXVII); Breach of the Duty of Fair Representation pursuant to N.J.S.A. § 34:13A-1 by

2

Plaintiff Graham (Count XXXV); and violation of the New Jersey Law Against Discrimination by all Plaintiffs (Count XXXVI). (*Id.* at 67–106.)

On October 19, 2023, Defendant Local 277 filed a Motion to Dismiss Count XXVII of the Amended Complaint. (ECF No. 37.) Plaintiff Cuevas filed a Response on November 2, 2023. (ECF No. 38.) On November 14, 2023, Local 277 filed its Reply. (ECF No. 43.)

### III.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286, (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and

3

plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

## IV. DISCUSSION

Although there are multiple Counts against Local 277 in the Amended Complaint, the subject of this Motion to Dismiss is narrow, seeking only to dismiss Count XXVII asserted by Plaintiff Cuevas against Local 277 for violating CEPA. (ECF No. 37-1 at 1.) Defendant argues that Local 277 does not meet the statutory definition of an "employer" under CEPA and accordingly cannot be held liable under the Act. (Id. at 3–4.) Defendant explains that Local 277 is a collective bargaining unit, or union. (*Id.*) In support of its position, Defendant points to decisions in this district holding that a union is not an employer under CEPA. (*Id.*)

Plaintiff responds by urging this Court not to find that the Local 277 union is exempt from CEPA. In support of his Opposition, Plaintiff first argues that CEPA is to be read expansively. (ECF No. 38 at 4.) Then Plaintiff compares the conduct from Local 277 to a hostile work environment claim, seeking to establish he has pled a justiciable claim. (*Id.* at 6.) Finally, Plaintiff argues that public policy supports holding the Local 277 union accountable under CEPA. (*Id.* at 9.) However, Plaintiff does not point to any language in CEPA that supports his arguments. Nor do the decisions he points to articulate such a rationale. Rather, he simply concludes that "[t]o date, courts, such as the ones cited by Defendant, have failed to do justice in interpreting the law." (*Id.* at 11.)

In *Beu v. City of Vineland*, the Court addressed the exact question before the Court here—whether a police union is an "employer" under CEPA. *See* No. 20-02510, 2020 WL 7418007 (D.N.J. Dec. 18, 2020) (Kugler, J.). There, the court held that a defendant police union was not an employer under CEPA, and observed that "Courts in this district have consistently declined to

4

impose CEPA liability on unions, instead holding that 'there is nothing in [N.J.S.A. § 34:19] that indicates it encompasses labor unions.'" *Id.* at *6 (quoting *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 406 (D.N.J. 2008) (alteration in original); *see also Austino v. City of Vineland*, 2020 WL 5232489, at *3 (D.N.J. Sept. 2, 2020) (Bartle, J.); *Skoorka v. Kean Univ.*, No. 07-1629, 2007 WL 2915087 at *1 (D.N.J. Oct. 4, 2007) (Martini, J.); *Mraz v. Local 254 of United Broth. Of Carpenters & Joiners of Am.*, A-2424-13T4, 2014 WL 11210918 (N.J. Super. Ct. App. Div. Apr. 6, 2016), *cert denied*, 157 A.3d 838 (N.J. 2016). Similarly, in *Figueroa v. City of Camden*, the court addressed the expansive nature of CEPA and explained that "[w]hile the definition of 'employer' is broad, there is nothing in the statute that indicates it encompass[es] labor unions." 580 F. Supp. 2d at 406.

Plaintiff here does not point to any authority to justify his proposed interpretation of CEPA, but merely asks this Court to find differently now. While these opinions are not binding authority, this Court finds them persuasive and, like the court in *Beu*, "finds no reason to depart from these decisions now." 2020 WL 7418007, at *6. Nonetheless, this Court will briefly touch on Plaintiff's arguments.

First, Plaintiff points to the established guidance that CEPA is to be read expansively. However, CEPA specifically limits its protections to "employers" which, in contrast to Title VII, does not enumerate labor unions under its definitional coverage. *Id.* at *7. Thus, where the language is clear, an expansive interpretation cannot support a different result.

Next, Plaintiff argues that he has raised a justiciable CEPA claim, and explains that a union can engage in an adverse employment action by creating a hostile work environment. (ECF No. 38 at 6–7.) This argument is unrelated to the question of whether a police union is an employer for purposes of CEPA, and accordingly provides no support for Plaintiff's position. The Court need

not address whether a union has engaged in an adverse employment action if CEPA does not apply to the union in the first instance.

Finally, Plaintiff asks this Court to depart from the interpretative precedent based on certain public policy considerations. (*Id.* at 9.) Specifically, Plaintiff explains that "many law enforcement agencies are permeated with a 'Blue code of silence' culture that discourages the reporting of misconduct by officers." (*Id.*) But while Plaintiff asks the Court "to enforce the law in a way that breathes life into its purpose," (*Id.* at 10), such an interpretation—even assuming it were warranted—is decidedly not the task of a federal district court hearing state law claims. *See Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 502 (D.N.J. 2001) ("A federal district court . . . exercising supplemental jurisdiction over state law causes of action must apply the applicable substantive law of the State as interpreted by the State's highest court."); *see also Hamilton v. Roth*, 624 F.2d 1204, 1210–12 (3d Cir. 1980).

## V.     CONCLUSION

For the foregoing reasons, Defendant Local 277's Motion to Dismiss is **GRANTED**. An order consistent with this Opinion will be entered.

Dated: May 6, 2024

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. District Court Judge
