**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHANNEL WOMBLE, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | |
| v. | Civil Action |
| CAMDEN COUNTY BOARD OF COMMISSIONERS, *et al.*, | No. 23-3373 (KMW-SAK) |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

Appearances:

Scott M. Lempert, Esq.
Pamela M. Keith, Esq.
Center for Employment Justice, LLC
650 Massachusetts Ave. NW, Suite 600
Washington, DC 20001

Benjamin Folkman, Esq.
Folkman Law Offices, PC
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003

   *Counsel for Plaintiffs*


Howard L. Goldberg, Esq.
Krista A. Schmid, Esq.
Office of Camden County Counsel
520 Market Street, 6th Floor
Camden, NJ 08102

   *Counsel for Defendants Camden County Board of Commissioners and Sgt. Michael Olson*

**WILLIAMS, District Judge:**

This matter comes before the Court by way of plaintiffs Shannel Womble ("Womble"), Marcus Cuevas ("Cuevas"), and Darnel Graham's ("Graham," collectively with Womble and Cuevas, "Plaintiffs") supplemental briefing (ECF No. 91); and Defendants Camden County Board of Commissioners (the "Board") and Michael Olson's ("Olson," collectively with the Board, "Defendants") (ECF No. 94) opposition thereto; addressing application of the *Younger* abstention doctrine to Plaintiffs' Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (ECF No. 78), seeking to enjoin Defendants from pursuing two disciplinary actions against Graham. For the reasons that follow, and for good cause shown, the Court **DENIES** Plaintiffs' Motion.

### I. BACKGROUND

On April 12, 2022, the Board filed a disciplinary action against Graham charging that he was "insubordinate" during an interaction with a supervisor because Graham was allegedly using his cell phone during a morning lineup (the "First Disciplinary Action"). (ECF No. 78-1 at 1.) On July 12, 2022, Graham provided statements about his supervisor, Olson, during an Internal Affairs ("IA") investigation (the "July 2022 Investigation"). (*Id.* at 5.)

On June 20, 2023, Womble and Cuevas filed their initial Complaint in the instant action against Defendants alleging race discrimination – hostile work environment; race discrimination – disparate treatment; race discrimination – retaliation; gender discrimination – disparate treatment; breach of duties of fair representation; retaliation; violations of the New Jersey Conscientious Employee Protection Act; and violations of the New Jersey Law Against Discrimination. (ECF No. 1). On July 1, 2024, Womble and Cuevas amended the Complaint to

2

include Graham as a plaintiff in the instant action. (ECF No. 71). Days later, on July 13, 2024, Graham provided deposition testimony in the instant action. (ECF No. 78-5.)

On July 22, 2024, the Board initiated a second IA investigation against Graham alleging that he provided statements during the July 2022 Investigation that conflict with his June 13, 2024 deposition testimony (the "Second Disciplinary Action"). (ECF No. 78-1 at 5.) Counsel representing Graham in both the First and Second Disciplinary Action then sent the Board a letter requesting an abeyance of both actions pending litigation of Plaintiffs' claims before this Court. (*Id.* at 6.) The Board declined Graham's request. (*Id.*)

On August 21, 2024, Plaintiffs filed the instant Emergency Motion for Temporary Restraining Order and Preliminary Injunction, seeking to enjoin Defendants from pursuing: (1) the First Disciplinary Action, including an IA hearing scheduled for October 2024; and (2) the Second Disciplinary Action, including an IA interview of Graham. (ECF No. 78). The Court held a telephonic hearing on August 28, 2024 and entered an Order (ECF No. 82) denying Plaintiffs' Motion for TRO (ECF No. 78). The Court's Order instructed Plaintiffs to indicate by letter whether they intended to file supplemental briefing addressing application of the *Younger* abstention doctrine to Plaintiffs' requests to enjoin the First and Second Disciplinary Actions. (*Id.*) Plaintiffs submitted a letter indicating they wished to do so, (ECF No. 84), and filed their supplemental briefing on October 4, 2024, (ECF No. 91). Defendants filed opposition thereto on October 17, 2024. (ECF No. 94.)

## II. DISCUSSION

### a. Plaintiffs' Motion for TRO is Denied Because Plaintiffs Have Failed to Satisfy the Criteria of Fed. R. Civ. P. 65.

As a threshold matter, the Court first addresses whether Plaintiffs have satisfied their heavy burden of demonstrating that the extraordinary remedy of a preliminary injunction is warranted.

Fed. R. Civ. P. 65 governs injunctions and restraining orders. The Third Circuit has repeatedly held that an injunction "is an extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citing *United States v. City of Philadelphia*, 644 F.2d 187, 191 n.1 (3d Cir. 1980). The Court must consider four factors when considering an application for a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits;
>
> (2) whether the movant will be irreparably injured by denial of the relief;
>
> (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and
>
> (4) whether granting the preliminary relief will be in the public interest.

*SI Handling Sys. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985). The burden is on the moving party "to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). If the moving party fails to demonstrate a likelihood of success on the merits, the Court must deny the preliminary injunction. *Instant Air Freight Co. v. C.G. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (the Court need not weigh the balance of equities if the movant fails to satisfy either of the first two factors). "[T]he injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it." *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citation omitted). "[T]he claimed injury cannot merely be possible, speculative, or remote." *Laidlaw, Inc. v. Student Transp. of Am.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) (citation omitted).

Here, Plaintiffs seek to enjoin the First and Second Disciplinary Actions. (ECF No. 78.) Plaintiffs claim that they will be irreparably harmed if the Court permits the allegedly retaliatory

4

Disciplinary Actions to proceed against Graham because potential witnesses will be "cowed by the pressure of potentially losing their livelihoods for speaking the truth, making it impossible to present a complete and accurate record of Defendant's conduct, rendering the judicial process impotent."[1] (ECF No. 78-1 at 12.) The Court finds that this alleged injury to Plaintiffs is too speculative and remote to merit immediate relief pursuant to Fed. R. Civ. P. 65. *See Laidlaw, Inc*, 20 F. Supp. 2d at 766. Moreover, to the extent Plaintiffs are arguing the prospective loss of pay or employment supports entry of a TRO, lost wages are clearly compensable by monetary damages. Furthermore, courts have held that the loss of employment is not irreparable harm, as courts are empowered to reinstate wrongfully terminated employees, order backpay and award damages in discrimination and retaliation suits. *See Selby v. City of Paterson*, No. CV 07-4206 (DMC), 2007 WL 9752116, at *2 (D.N.J. Oct. 25, 2007) (holding "the loss of one's job does not constitute irreparable injury"); *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974); *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987).

The balance of hardships and public equities also weigh toward denying Plaintiffs' request precisely because Plaintiffs' alleged injuries can be adequately redressed, whereas our courts have acknowledged that "institut[ing] the disciplinary proceedings at issue here in an effort to regulate the conduct of its police force," and "'maintaining the integrity, public confidence, and goodwill of [ ] law enforcement' is an important state interest." *Killion v. Coffey*, No. 13-1808, 2015 WL 7345749, at *5 (D.N.J. Nov. 19, 2015) (quoting *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 183 (3d Cir. 2014).

---

[1] The Court notes that arguably, as the Second Disciplinary Action relates to Graham's lack of truthfulness during the July 2022 investigation into Olson's conduct, such discipline can be said to pressure officers to be truthful in the first instance with respect to IA's investigations, rather than discourage "speaking the truth" as Plaintiffs allege here. *See Office of the Attorney General Internal Affairs Policy & Procedures*, § 8.0.4 (2022) ("The officer also must truthfully answer all questions put to him or her during the course of the [IA] investigation.").

Finally, the Court finds that Plaintiffs have not demonstrated a substantial likelihood of success on the merits of their claim as Plaintiffs do not cite to a single case where this Court has enjoined a police disciplinary hearing as they seek to do in their Motion.

For all the foregoing reasons, the Court finds that Plaintiffs have not satisfied their burden of establishing the four factors required to support the extraordinary remedy of a preliminary injunction pursuant to Fed. R. Civ. P. 65. Accordingly, Plaintiffs' supplemental brief does not alter the Court's denial of Plaintiffs' Motion for TRO and Preliminary Injunction. (ECF No. 82.) While these reasons alone are sufficient to support the denial of Plaintiffs' Motion, the Court will address the question of whether the *Younger* abstention doctrine applies to Plaintiffs' multiple requests to enjoin ongoing state disciplinary proceedings.[2] (*See* ECF Nos. 78, 93.)

### b. The Court Will Abstain from Enjoining Pending State Disciplinary Proceedings pursuant to *Younger*.

"*Younger* abstention requires dismissal of certain federal claims for injunctive or declaratory relief that would interfere with pending state court proceedings." *Fam. C.L. Union v. State*, 386 F. Supp. 3d 411, 432 (D.N.J. 2019), *aff'd sub nom.*, 837 F. App'x 864 (3d Cir. 2020) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Here, the Court addresses whether *Younger* abstention bars Plaintiffs from enjoining the First and Second Disciplinary Actions.

*Younger* requires federal courts to abstain from interfering with certain pending state proceedings. *Kaul v. Christie*, 372 F. Supp. 3d 206 (D.N.J. 2019); *see Gonzalez*, 755 F.3d at 180. It applies "in only three 'exceptional' classes of cases: (1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in

---

[2] Following the Court's denial (ECF No. 82) of Plaintiffs' first Emergency Motion for TRO and Preliminary Injunction (ECF No. 78), Plaintiffs filed a second Emergency Motion for TRO seeking to enjoin the First Disciplinary Action, (ECF No. 93), which the Court also denied (ECF No. 98).

furtherance of the state courts' ability to perform their judicial functions.'" *Id.* (citing *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013)). The Court must also consider the following three additional factors identified in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), whether: "(1) there is a pending state proceeding that is judicial in nature; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding for the plaintiff to raise its constitutional challenges." *Kaul,* 372 F. Supp. 3d at 206.

*Younger* abstention is appropriate in the context of "civil enforcement proceedings" that are "akin to a criminal prosecution in important respects." *Killion*, 2015 WL 7345749 at *4 (quoting *Sprint*, 571 U.S. at 79) (internal citations and quotations omitted). Such quasi-criminal civil enforcement proceedings are generally, as here, "initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Id.* Likewise, a state party is customarily a party to the state proceedings and often, if not always, initiates the state action. *Id.* These types of civil enforcement proceedings often commence with internal investigations, as here, that "culminat[e] in the filing of a formal complaint or charges." *Id.*

"[P]olice disciplinary proceedings, first heard at the administrative level, which either could have been or have been appealed to the New Jersey Superior Court . . . fall into the category of civil enforcement proceedings from which federal courts may abstain under *Younger.*" *Id.*; *see Gonzalez v. Waterfront Comm'n of New York Harbor*, 755 F.3d 176, 182 (3d Cir. 2014) ("In sum, we conclude that the state disciplinary proceedings involved in this appeal bears the hallmarks of the quasi-criminal proceedings discussed by the Supreme Court. It was initiated by a state actor following an internal investigation and the filing of formal charges for the purpose of sanctioning

[the plaintiff] for his wrongful actions. Given these circumstances, we hold that [the plaintiff's] disciplinary hearing and the pending State Appeal are indeed 'akin to a criminal prosecution.'").

Regarding the *Middlesex* factors, Plaintiffs argue in their supplemental brief that *Younger* abstention does not apply because the Second Disciplinary Action was initiated after Plaintiffs filed their Complaint in federal court. (ECF No. 91 at p.4-5). Yet Plaintiffs' Motion seeks to enjoin both the First Disciplinary Action—which *predates* the filing of Plaintiffs' Complaint—as well as the Second Disciplinary Action. (*See* ECF No. 1). Clearly, the First Disciplinary Action was an ongoing proceeding at the time the Complaint was filed. Moreover, the Second Disciplinary Action against Graham was commenced within three weeks of his joining Womble and Cuevas's pending federal suit, before the Court conducted any "proceedings of substance on the merits" with respect to Graham. *See Tucker v. Ann Klein Forensic Ctr.*, 174 F. App'x 695, 697 (3d Cir. 2006).

Furthermore, Plaintiffs have not established why the First and Second Disciplinary Actions, which involve the same parties, may both culminate in Graham's eventual termination, and are both reviewable by the state court after a final agency decision, should not be treated as part of the same unitary process for *Younger* purposes. *See W.K. v. N.J. Div. of Dev'l Disabilities*, 974 F.Supp. 791, 794 (D.N.J. 1997) (stating proper forum for review of state agency's final decision is New Jersey Appellate Division, as for *Younger* purposes the administrative and appeals process is treated as a unitary system); *see* N.J. Ct. R. 2:2-3 (setting forth procedure for further state review). Thus, the Court finds that the first *Middlesex* factor is met.

The Court finds that the second *Middlesex* factor is also present. Courts in this District have long acknowledged that "institut[ing] the disciplinary proceedings at issue here in an effort to regulate the conduct of its police force," and "'maintaining the integrity, public confidence, and

8

goodwill of [ ] law enforcement' is an important state interest." *Killion*, 2015 WL 7345749, at *5 (citing *Gonzalez*, 755 F.3d at 182).

Finally, the third *Middlesex* factor is satisfied because state disciplinary proceedings afford Plaintiffs an opportunity to raise discrimination and retaliation claims as a defense to the First and Second Disciplinary Actions that Plaintiffs seek to enjoin in their Motion for TRO. "[W]hen confronted with administrative matters appealable to the state courts, '[w]e will assume . . . that an administrative adjudication and the subsequent state court's review of it count as a unitary process' for *Younger* purposes." *Altice USA, Inc. v. New Jersey Bd. of Pub. Utilities*, 26 F.4th 571, 579 (3d Cir. 2022); *see* N.J. Ct. R. 2:2-3. The "burden on this point rests on the federal plaintiff to show that state procedural law bar[s] presentation of its claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670–71 (3d Cir. 2010). Plaintiffs do not raise any arguments in their supplemental brief to satisfy this burden. (*See generally* ECF No. 91.)

Notably, numerous courts in the Third Circuit have applied *Younger* abstention in the context of disciplinary proceedings involving police officers. *See, e.g., Bayliss v. New Jersey State Police*, No. Civ. A. 11-890 MLC, 2014 WL 4657304, at *11 (D.N.J. Sept. 17, 2014) ("disciplinary proceedings concerning police officers implicate important state interests under *Younger*"), *aff'd*, 622 F. App'x 182 (3d Cir. 2015); *Goode v. Borough of Keansburg*, No. Civ. A. 06-5861 MLC, 2007 WL 150507, at *1 (D.N.J. Jan. 17, 2007) ("proceedings concerning police discipline implicate important state interests"); *Gonzalez*, 755 F.3d at 180; *Gniotek v. City of Philadelphia*, 630 F. Supp. 827, 835-36 (E.D. Pa.) *aff'd*, 808 F.2d 241 (3d Cir. 1986).

Accordingly, for all the foregoing reasons, the Court finds that *Younger* abstention bars Plaintiffs from obtaining the relief sought in their Motion for a Temporary Restraining Order in the instant matter.

## ORDER

IT IS this 15th day of **November, 2024**, hereby

**ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 78) is **DENIED**.

_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE