[ECF No. 104]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| SHANNEL WOMBLE et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> CAMDEN COUNTY BOARD OF COMMISSIONERS et al., <br><br> **Defendants.** | Civil No. 23-3373 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Reconsideration filed by Plaintiffs Shannel Womble, Marcus Cuevas, and Darnel Graham (collectively, "Plaintiffs") [ECF No. 104]. Plaintiffs seek reconsideration, in part, of the Court's December 18, 2024 Opinion and Order denying their motion for leave to file a third amended complaint [ECF No. 103].[1] The Court received the opposition of Defendants Camden County Board of Commissioners ("CCBC") and Sgt. Michael Olson (collectively, "Defendants") [ECF No. 106]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **DENIED**.

**I.    BACKGROUND**

Since the parties are familiar with the instant action, the Court incorporates by reference the summary of its factual background and procedural history set forth in its December 18, 2024

---

[1] Plaintiffs only seek reconsideration of the Court's decision denying proposed amendments relating to Plaintiffs Womble and Graham, as discussed more fully, *infra*. *See* Pls.' Mem. at 2 n.1 [ECF No. 104-1].

Opinion and Order denying Plaintiffs' motion to amend. *See* ECF No. 103, at 1–2.  In brief, Plaintiffs filed this employment discrimination action on June 20, 2023, asserting various claims pursuant to state and federal law against Defendants CCBC, New Jersey State Policeman's Benevolent Association, Inc., New Jersey State Policeman's Benevolent Association, Local 277, and Olson. *See* Compl. [ECF No. 1].  Since then, Plaintiffs have sought and obtained leave to file an amended complaint on two occasions. *See* ECF Nos. 30, 31, 65, 68.  At present, the operative pleading is Plaintiffs' Second Amended Complaint [ECF No. 71].

On August 15, 2024, nearly two months after the relevant deadline expired, Plaintiffs filed their motion for leave to file a third amended complaint. *See* ECF No. 76.  Plaintiffs' proposed Third Amended Complaint ("TAC") sought to, *inter alia*, add four (4) new counts of retaliation against Defendant CCBC. *See* TAC [ECF No. 76-2].  More specifically, Plaintiffs sought to add one count each on behalf of Womble and Cuevas, and two counts on behalf of Graham.  They also sought to incorporate minor, non-substantive amendments.  Despite the untimely filing, Plaintiffs contended that the expired deadline no longer applied. *See* ECF No. 76-1, at 1–2.  Consequently, they failed to address the rule governing their motion—Federal Rule of Civil Procedure 16(b)(4).  Instead, Plaintiffs devoted the entirety of their brief to Rule 15(a).  In light of Plaintiffs' failure to show due diligence—a requisite to establishing good cause under Rule 16(b)(4)—the Court denied their motion in its entirety. *See generally* Op. & Order, Dec. 18, 2024.

Plaintiffs now move for partial reconsideration of that ruling.  Specifically, they ask the Court to reconsider its decision denying proposed amendments relating to Womble and Graham. *See* Pls.' Mem. at 1–2 [ECF No. 104-1].  They do not seek reconsideration of the decision denying the minor, non-substantive amendments, or those relating to Cuevas. *See id.* at 2 n.1.  In short, Plaintiffs allege the Court's decision denying the proposed Womble and Graham amendments is

clearly erroneous in fact and in law. *See id.* at 1–2, 4.  In particular, Plaintiffs allege that the Court erred in finding a lack of due diligence. *See id.* at 5–7.  They also allege the decision conflicts with another ruling on another motion by the district judge; namely, the Honorable Karen M. Williams' decision denying Plaintiffs' emergency motion for temporary restraining order and preliminary injunction. *See id.* at 7 (citing Mem. Op. & Order, Nov. 15, 2024, at 4–5, ECF No. 99).  Finally, Plaintiffs allege that once the due diligence standard is met, the proposed Womble and Graham amendments meet Rule 15(a)'s more liberal standard. *See id.* at 8.  Therefore, Plaintiffs assert that the instant motion must be granted, and their proposed amendments permitted to proceed.

Defendants oppose the motion.  They assert the Court properly rejected Plaintiffs' untimely amendments for failing to satisfy the requisite standard. *See* Defs.' Opp'n at 3–5. [ECF No. 106]. Defendants further assert that Plaintiffs offer no new facts in the instant motion that could not have been included in their motion to amend. *See id.* at 4.  This, they maintain, is Plaintiffs' attempt to take "'a second bite at the apple' to correct their own error of law—not the Court's—by way of this reconsideration motion." *Id.*  Defendants also maintain that Plaintiffs' arguments concerning Judge Williams' decision are without merit. *See id.* at 5–6.  Defendants contend that the denial of Plaintiffs' motion for injunctive relief was not, and could not be, construed as a ruling on their motion to amend. *See id.*  Apart from the fact that, *inter alia*, the motions are governed by different rules and legal standards, Defendants note that at "no time was Judge Williams asked to consider whether sufficient grounds existed to allow for amendment of the pleadings out of time." *Id.* at 6. Defendants also note that Judge Williams' decision offers no commentary as to the sufficiency of Plaintiffs' proposed amendments. *See id.*  For all these reasons, Defendants argue that Plaintiffs' motion for reconsideration must be denied.

## II. DISCUSSION

### A. Legal Standard

While not expressly authorized by the Federal Rules, in this District, the Local Civil Rules provide for and govern motions for reconsideration. *See Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). Local Civil Rule 7.1(i) permits a party to file a motion requesting the Court to reconsider "the matter or controlling decisions which the party believes the Judge has overlooked." *See Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) (citation omitted) ("The word 'overlooked' is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the [order]." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

The Third Circuit has held that a motion for reconsideration may only be granted if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To prevail under the third prong, the moving party must show that dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered. *See D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012) (citation omitted). In other words, the third prong only applies "where such facts or legal authority were indeed presented but overlooked." *Id.* at 206 (citations omitted).

### B. Analysis

At the outset, the Court must note that Plaintiffs seemingly misconstrue the reason for which their motion to amend was denied. Plaintiffs errantly posit that "the holding" of the Court's December 18, 2024 Opinion and Order was that they "failed to diligently" seek the amendments. Pls.' Mem. at 1–2. Contrary to this contention, the Court held that Plaintiffs failed to satisfy their burden of *showing* due diligence—a precondition for establishing good cause under Rule 16(b)(4), as noted, *supra*. To be clear, the Court drew no conclusion concerning the adequacy of Plaintiffs' diligence or lack thereof. Nor could it have. Plaintiffs were required to make such a showing. They did not. Nor did they attempt to do so.

Defendants characterize Plaintiffs' motion as a belated attempt to correct their own errors. The Court agrees. Plaintiffs practically sidestep the applicable standard for reconsideration and segue into relitigating the merits of their motion to amend. *See* Pls.' Mem. at 4–8. In fact, they gloss over this standard in just two sentences with a sole case citation. *See id.* at 4 . More troubling, however, is Plaintiffs' misleading and paradoxical claim about the case. *See id.* (citing *D'Argenzio*, 877 F. Supp. 2d at 206–08) (claiming that it states "consideration of documents" not previously presented but somehow "overlooked" by a court is permissible in the context of reconsideration, if it "might reasonably have resulted in a different conclusion if they had been considered"). This purported proposition runs afoul of well-settled case law—including *D'Argenzio*, the singular case on which Plaintiffs rely to argue the Court's decision "is clearly erroneous and contrary to law." *Id.*; *see D'Argenzio*, 877 F. Supp. 2d at 207 (emphasis added) (noting the movant must show facts or legal arguments that "were *brought* to the court's attention but *not* considered"). Although the *D'Argenzio* court allowed the "movant to supplement the record with important new evidence,"

5

this was done in the interests of justice, because this new evidence "was previously withheld by [its adversary]." *Id.* Nevertheless, this is not the context here.

In essentially rearguing their motion to amend, Plaintiffs rely on evidence and arguments first presented in the instant motion. They use this new evidence to challenge the Court's decision denying their motion to amend. *See, e.g.*, Pls.' Mem. at 5 (emphasis in original) (citing Exs. A, B) ("Plaintiffs include in this Motion for Reconsideration, documents establishing that the retaliatory conduct against both Plaintiffs occurred *after* the June 17, 2024 deadline."). Next, they argue the Court's decision conflicts with Judge Williams' decision denying their motion for injunctive relief. *See id.* at 7. To start, Judge Williams' decision neither addressed Plaintiffs' motion to amend nor their proposed amendments, let alone the standard governing the motion or Plaintiffs' satisfaction thereof. More critically, however, is that such a conflict—if one could and did in fact exist—is not a cognizable ground for reconsideration. For this reason alone, the argument fails.

Although framed as a motion for reconsideration, the Court concludes the instant motion is Plaintiffs' thinly veiled attempt to get another bite at the apple. Simply put, Plaintiffs have failed to show the Court overlooked facts or legal arguments presented in their initial motion to amend. As a result, Plaintiffs fail to satisfy their burden of establishing a need to correct a clear error of law or fact. The Court, therefore, will deny Plaintiffs' motion.

### III.   CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **3rd** day of **February**, **2025**, that Plaintiffs' Motion for Reconsideration [ECF No. 104] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.